**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARKE REVIND ALWIN AR PIOH, AKA Harke Revind Alwin Ar Pioh, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-74903 <br><br> Agency No. A096-347-818 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2013
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and WOLF, Senior District
Judge.[**]

Harke Revind Alwin Ar Pioh, a native and citizen of Indonesia, petitions for

review of the Board of Immigration Appeals' ("BIA") determination that he is

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The Honorable Mark L. Wolf, Senior District Judge for the U.S.
District Court for the District of Massachusetts, sitting by designation.

ineligible for withholding of removal. 8 U.S.C. § 1231(b). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Pioh does not appeal the BIA's determination that he failed to file his asylum application in a timely fashion and that he does not fall within any of the exceptions for time-barred applications. He has therefore waived any challenge to the BIA's determination that he is ineligible for asylum. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996).

Substantial evidence supports the BIA's determination that Pioh was ineligible for withholding of removal. *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001). Pioh testified that he fears persecution both on the basis of his involvement with the Front Kedaulatan Malaku ("FKM") and his Christian religion. Pioh must establish his eligibility for removal "by adducing credible, direct, and specific evidence in the record of facts" that "compels" the conclusion that withholding of removal is proper. *Molina-Estrada v. INS*, 293 F.3d 1089, 1093-94 (9th Cir. 2002). As addressed in the supplemental briefing on this point, while it is true that credible testimony may be sufficient to establish that an alien is eligible for withholding of removal in some cases, *see* 8 C.F.R. § 208.16(b); *see also Molina-Estrada*, 293 F.3d at 1094, the evidence submitted by Pioh, including his credible testimony, does not compel the conclusion that it is "more likely than not" that he

2

will be persecuted either on the basis of his involvement with the FKM or his Christian religion. *Al-Harbi*, 242 F.3d at 888; *see also Gu v. Gonzales*, 454 F.3d 1014, 1021 (9th Cir. 2006).

Accordingly, his petition for review of his application for withholding of removal is denied.

**DENIED.**